FILED
United States Court of Appeals
Tenth Circuit

August 19, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

COREY BURGESS,

   Petitioner - Appellant,

v.

CHARLES A. DANIELS,

   Respondent - Appellee.

No. 14-1016
(D.C. No. 1:13-CV-00293-LTB)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **GORSUCH**, **MURPHY**, and **HOLMES**, Circuit Judges.

Appellant Corey Burgess, proceeding pro se,[1] appeals the denial of three

post-judgment motions he filed following the district court's denial of his 28

---

[*]  After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

[1]  Because Mr. Burgess is proceeding pro se, his filings are construed liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Garza v. Davis*, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010).

U.S.C. § 2241 application for a writ of habeas corpus.[2]  Mr. Burgess has also filed

a motion seeking leave to proceed *in forma pauperis* ("IFP") in this appeal.  For

the reasons set forth below, we now **dismiss** Mr. Burgess's appeal as untimely as

it relates to the district court's minute orders of May 21 and June 18, 2013.  With

respect to district court's order of January 2, 2014, we **affirm** the district court's

denial of Mr. Burgess's Rule 60(b) motion, but **remand** for the district court to

amend the judgment to clarify that Mr. Burgess's Rule 60(b) motion is denied

*with* prejudice.  We **grant** Mr. Burgess's motion to proceed IFP.

**I**

Mr. Burgess is a prisoner in federal custody.  At the time he filed his

habeas application, Mr. Burgess was incarcerated in the Special Management Unit

("SMU") at the United States Penitentiary in Florence, Colorado.  On February 4,

2013, Mr. Burgess, proceeding pro se, filed an application for a writ of habeas

corpus under 28 U.S.C. § 2241.  On May 2, 2013, the district court dismissed

without prejudice all three of Mr. Burgess's habeas claims.  As noted, Mr.

Burgess appealed the district court's order, and we ultimately affirmed.  *See

supra*, note 2.

While Mr. Burgess's appeal was pending, he filed numerous post-judgment

---

[2]     Mr. Burgess separately appealed the district court's denial of his
habeas application in consolidated appeals nos. 13-1101 and 13-1235.  In an
unpublished order and judgment, we resolved that appeal by affirming the district
court's denial of all of Mr. Burgess's habeas claims.

motions with the district court.  The district court's denials of three such motions

form the substance of this appeal.  First, on May 20, 2013, Mr. Burgess filed a

motion seeking information regarding the procedure required to have the district

court judge and magistrate judge in his case removed on the basis of personal

bias.  The district court denied this motion on May 21, 2013, explaining that

because Mr. Burgess's case had already been dismissed, the motion was moot.

Second, on June 14, 2013, Mr. Burgess filed a motion seeking a preliminary

injunction directed at Bureau of Prisons ("BOP") staff to enjoin conduct that Mr.

Burgess alleged unlawfully limited prisoners' access to legal resources.   The

district court also denied this motion as moot in a minute order on June 18, 2013.

Finally, on December 23, 2013, Mr. Burgess filed a Federal Rule of

Appellate Procedure 60(b) motion seeking relief from the district court's

dismissal of his habeas claims.  The district court denied this motion on January

2, 2014, concluding that it lacked jurisdiction to consider the motion because Mr.

Burgess had already filed a notice of appeal.  *See* R. at 132 (Order Denying Mot.

to Reconsider, filed Jan. 2, 2014) ("Mr. Burgess's motion to reconsider must be

denied because this Court was divested of its jurisdiction to consider matters

presented by the Applicant upon the filing of his notice of appeal.").[3]  Mr.

---

[3]      Although the district court was silent as to whether the denial of this
motion was with or without prejudice, "[i]t is fundamental . . . that a dismissal for
lack of jurisdiction is not an adjudication of the merits and therefore . . . must be
without prejudice." *Abernathy v. Wandes*, 713 F.3d 538, 558 (10th Cir. 2013)

Burgess filed two notices of appeal on January 10, 2014, noticing his intention to appeal all three of the above-mentioned orders of the district court.

**II**

**A**

We are compelled to dismiss as untimely Mr. Burgess's appeals from the district court's orders of May 21 and June 18, 2013. Under Federal Rule of Appellate Procedure 4(a)(1)(B), the appellant in a case in which the United States or an employee or official thereof is a party must file a notice of appeal "within 60 days after entry of the judgment or order appealed from." The Supreme Court has made clear that this requirement is both "mandatory and jurisdictional." *Bowles v. Russell*, 551 U.S. 205, 209 (2007) (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 61 (1982) (per curiam)) (internal quotation marks omitted).

Mr. Burgess seeks to appeal from the district court's order of May 21, 2013. Under Rule 4(a)(1)(B), Mr. Burgess thus needed to file his notice of appeal no later than July 22, 2013.[4] Here, however, Mr. Burgess's notice of appeal was not filed until January 10, 2014—nearly six months after the jurisdictional deadline—and thus was plainly untimely. Mr. Burgess likewise waited too long

(quoting *Martinez v. Richardson*, 472 F.2d 1121, 1126 (10th Cir. 1973)) (internal quotation marks omitted), *cert. denied*, --- U.S. ----, 134 S. Ct. 1874 (2014).

[4] Sixty days actually fell on Saturday, July 20, 2013. The notice of appeal was thus due the subsequent Monday. *See* Fed. R. App. P. 26(a)(1)(C).

-4-

to file his notice of appeal from the district court's order of June 18, 2013.  The

deadline for filing a notice of appeal from that order was August 19, 2013,[5]

meaning Mr. Burgess's January 2014 notice of appeal was more than four months

late.

**B**

By contrast with the other claims in this appeal, Mr. Burgess did file a

timely notice of appeal from the district court's January 2, 2014 order denying his

motion under Federal Rule of Civil Procedure 60(b).[6]  The district court denied

this motion on the basis that, because Mr. Burgess had already filed a notice of

appeal from the denial of his habeas application, the district court was "divested

of its jurisdiction to consider matters presented by the Applicant."  R. at 132.

---

[5]        Here too, sixty days fell on a Saturday, August 17, 2013, and the
notice of appeal was thus due the subsequent Monday.  *See* Fed. R. App. P.
26(a)(1)(C).

[6]        We note that Mr. Burgess's opening brief arguably might be
construed as additionally seeking review of the district court's January 24, 2014,
order overruling Mr. Burgess's objection to the district court's January 2 order.
*See generally Smith v. Barry*, 502 U.S. 244, 248–49 (1992) ("If a document filed
within the time specified by [Federal Rule of Appellate Procedure] 4 gives the
notice required by Rule 3, it is effective as a notice of appeal.").  Even if this
were true, having reviewed Mr. Burgess's objection and the district court's
January 24 order, we would reach essentially the same conclusion as we have
with respect to the district court's January 2 order—that is, although the district
court erred in concluding that it lacked jurisdiction to consider Mr. Burgess's
objection, we may nonetheless affirm the denial of that objection on the
alternative basis that the objection was clearly lacking in merit—a point that is
underscored by our decision affirming the district court's judgment in Mr.
Burgess's appeal from the court's denial of his habeas application, *see supra* note
2.

Although we conclude that the district court erred in finding that it lacked jurisdiction to consider Mr. Burgess's Rule 60(b) motion, we nonetheless affirm the district court's denial of that motion. Recognizing that there are no material factual disputes before us, we are comfortable proceeding in the first instance to conclude that Mr. Burgess's motion raised no meritorious basis for relief. *See United States v. Eccleston*, 521 F.3d 1249, 1251 (10th Cir. 2008) (remanding with instructions to dismiss § 2241 application with prejudice where "the application fail[ed] to raise any viable claim"); *Sac & Fox Nation of Mo. v. Norton*, 240 F.3d 1250, 1264 (10th Cir. 2001) (reaching the merits of a question not considered by the district court where doing so was "in the interests of judicial economy" and "the facts relevant to that issue [were] uncontroverted and the issue thus hinge[d] on a [purely legal] question"); *Ohlander v. Larson*, 114 F.3d 1531, 1538 (10th Cir. 1997) ("[R]emand is not necessary where there is no dispute regarding the underlying facts and where it is in the interest of judicial economy and efficiency to decide the matter.").

Specifically, as the government has conceded in this case, the district court erred when it found that it lacked jurisdiction to consider Mr. Burgess's Rule 60(b) motion simply because Mr. Burgess had filed a notice of appeal with this court. It is true, of course, that as a general matter "[t]he filing of a notice of appeal is an event of jurisdictional significance [that] confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of

-6-

the case involved in the appeal." *United States v. Battles*, 745 F.3d 436, 448 (10th Cir. 2014) (alterations in original) (emphasis omitted) (internal quotation marks omitted), *pet. for cert. filed* (U.S. April 28, 2014) (No. 13-1309). However, "[i]n ordinary civil cases the rule is that after an appeal has been taken the district court retains jurisdiction to consider and deny a Rule 60(b) motion and, if it indicates that it will grant the motion, the movant may then ask the Court of Appeals to remand the case so that the district court may act." *Aune v. Reynders*, 344 F.2d 835, 841 (10th Cir. 1965); *see Allison v. Bank One-Denver*, 289 F.3d 1223, 1243 (10th Cir. 2002) (noting that a pending appeal does not preclude a district court from entertaining a Rule 60(b) motion); *W.N.J. v. Yocom*, 257 F.3d 1171, 1173 n.1 (10th Cir. 2001) ("A district court may . . . consider a Rule 60(b) motion and deny it on its merits without remand by the Court of Appeals."); *Aldrich Enters., Inc. v. United States*, 938 F.2d 1134, 1143 (10th Cir. 1991) (noting that although district court lacked jurisdiction to *grant* Rule 60(b) motion while appeal was pending, "the court was free to consider the motion, and the court could then either deny it on the merits, or [notify the court of appeals] of its intention to grant the motion upon proper remand"); *see also Soc'y of Lloyd's v. Bennett*, 182 F. App'x 840, 844 (10th Cir. 2006) ("[A] district court retains jurisdiction to *deny* a Rule 60(b) motion during pendency of appeal." (emphasis in original)). Accordingly, although the district court here lacked jurisdiction to *grant* Mr. Burgess's Rule 60(b) motion, it was not in fact precluded

-7-

from considering and *denying* the motion on its merits.

Notwithstanding the district court's misapprehension of its own jurisdiction, we now affirm that court's denial of Mr. Burgess's motion and remand for clarification that this denial is on the merits and accordingly with prejudice. *See Eccleston*, 521 F.3d at 1251 ("We set aside that dismissal [without prejudice] and remand with instructions to dismiss . . . with prejudice, because the application fails to raise any viable claim."). Having reviewed Mr. Burgess's Rule 60(b) motion, we find that this motion advances substantially the same arguments Mr. Burgess made on direct appeal from the district court judgment denying habeas relief. Having already resolved that appeal on the merits against Mr. Burgess, *see supra* note 2, we conclude that there is no need to remand for further proceedings on these arguments in the district court. Accordingly, we conclude that it is in the interest of judicial economy and efficiency for this court to reach the merits of Mr. Burgess's Rule 60(b) motion. For the reasons already set forth in our order and judgment affirming the denial of habeas relief, we now likewise affirm the district court's denial of Mr. Burgess's Rule 60(b) motion and remand with instructions that the district court amend its judgment to clarify that this denial is with prejudice.

## III

For the foregoing reasons, we **DISMISS** Mr. Burgess's appeal from the district court's minute orders of May 21 and June 18, 2013, as untimely. We

**AFFIRM** the district court's denial of Mr. Burgess's Rule 60(b) motion, but

**REMAND** this case to the district court to amend the judgment to clarify that the

motion is denied *with* prejudice. Mr. Burgess's motion to proceed IFP is

**GRANTED**.

Entered for the Court


JEROME A. HOLMES
Circuit Judge