**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

JOHN DOE,

*Petitioner-Appellant*,

v.

ROBERT L. AYERS, JR., Warden,
*Respondent-Appellee*.

No. 15-99006

ORDER

Filed May 27, 2015

Before: Harry Pregerson, Stephen Reinhardt,
and Kim McLane Wardlaw, Circuit Judges.

## SUMMARY[*]

### Habeas Corpus/Death Penalty

The panel filed an order denying petitions for rehearing and rehearing en banc, and published the order for the purpose of explaining why it denied the state's petition and rejected the state's arguments objecting to the panel's decision to grant Petitioner's request in the alternative to

 [*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

issue the opinion using a pseudonym rather than Petitioner's real name.

The panel explained that in this exceptional case – one in which Petitioner (1) was granted penalty-phase habeas relief based on sealed, graphic evidence regarding repeated sexual assault in prison, and (2) submitted credible evidence that he would likely be subjected to more violence if his name was revealed alongside the evidence of this abuse – the use of a pseudonym was appropriate.

## ORDER

The panel has voted unanimously to deny the petitions for rehearing and rehearing en banc. The full court has been advised of the petitions for rehearing en banc, and no judge has requested a vote on whether to rehear the matter en banc. Fed. R. App. P. 35. The petitions for rehearing and rehearing en banc are denied.

We publish this order for the purpose of explaining why we deny the state's petition and why we reject its arguments objecting to our decision to grant Petitioner's request in the alternative to issue our opinion using a pseudonym rather than Petitioner's real name.[1]

As a preliminary matter, the state was afforded notice and an opportunity to brief its position regarding the use of "Doe," a pseudonym. The procedural history is as follows.

---

[1] Although the Warden is the nominal Respondent in this habeas case, we refer throughout to the Respondent by the name of the party whose interest is actually at stake – the state.

After we reached our decision on the merits – a decision that discusses the contents of sealed records[2] – we provided a copy of our proposed opinion to the parties, and, pursuant to our normal practice, ordered them to show cause why the record should not be unsealed for the limited purpose of referring to it in the published opinion. Because Petitioner objected, arguing that the opinion should be filed under seal, we held a telephonic hearing at which the appropriateness of publication under a pseudonym was raised. The state was instructed to submit a letter brief setting forth its position as to the matters addressed during the hearing. Shortly thereafter, the state contacted the Clerk of Court to request that we issue a written order delineating the topics to be addressed, but quickly withdrew that request before such an order could be issued. The state then filed a brief contesting Petitioner's request to seal our disposition, on much the same grounds as it now objects to the use of a pseudonym, but did not specifically address the latter point. Petitioner's letter brief did address that issue.

Based on the hearing and the parties' briefs, and after considering the factors outlined in *Does I Through XXIII v. Advanced Textile Corp.*, 214 F.3d 1058 (9th Cir. 2000), we concluded that Petitioner's exceptional case met the high bar for proceeding under a pseudonym. In light of that determination, and our conclusion that the use of a pseudonym would be appropriate in this case, we denied Petitioner's request to seal much of the critical information in our proposed opinion, including all its references to his sexual and emotional abuse, which formed the evidentiary basis for the claim on which we granted him relief. We concluded,

---

[2] The state did not contest the sealing of these records in the district court or on appeal.

given that his identity could be protected to a reasonable extent by the use of Doe, that he had not shown sufficient "compelling reasons" why we should deny the public access to the grounds for our decision to invalidate his death sentence. *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178–80 (9th Cir. 2006). Having reviewed the state's petition for rehearing and rehearing en banc, Petitioner's response, and the state's reply, we are convinced that our decision was and is correct.

When a party requests "Doe" status, the factors to be "balance[d] . . . against the general presumption that parties' identities are public information," are: "(1) the severity of the threatened harm; (2) the reasonableness of the anonymous party's fears; and (3) the anonymous party's vulnerability to such retaliation." *Advanced Textile Corp.*, 214 F.3d at 1068 (citing *U.S. v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir. 1980) (recognizing the risks to a long-term prison inmate and approving the use of a pseudonym)) (other internal citations omitted). Petitioner made a strong showing, based on the affidavit of a highly-qualified correctional expert with relevant experience in the California prison system, both that (1) other inmates would learn of his past victimization if we were to recount it in a published opinion captioned in his proper name, and (2) this notoriety would create a significant risk of severe harm at the hands of other inmates, a risk to which he would be quite vulnerable.[3]

---

[3] This risk to Petitioner was previously recognized by the district court, when it granted his motion to seal filings in the case, and also by us, when we granted his motion not to publish audio or a transcription of the oral argument. Because inmates are likely to read habeas opinions issued by this court but unlikely to encounter an unpublished district court disposition denying relief, the need for anonymity is greater than at previous stages of this litigation.

We explained in *United States v. Stoterau* that "*mere membership* in a class of offenders that may be targeted by other inmates is [in]sufficient to make a defendant's case extraordinary" and warrant the use of a pseudonym. 524 F.3d 988, 1013 (9th Cir. 2008) (emphasis added) (internal quotation marks omitted). However, we were careful there to distinguish such an inadequate, generalized showing of susceptibility to abuse in prison from the individualized finding – based on personal history and expert evidence – made in *United States v. Parish*, 308 F.3d 1025, 1032 (9th Cir. 2002). Here, Petitioner's truly extreme history and the expert evidence he offered led us to conclude that his particular circumstances represented the "unusual case" in which the use of a pseudonym is appropriate. *United State v. Doe*, 488 F.3d 1154, 1156 n.1 (9th Cir. 2007).

As for the state's countervailing interests, we also considered "the precise prejudice at [this particular] stage of the proceedings to the opposing party." *Advanced Textile Corp.*, 214 F.3d at 1068. In *James v. Jacobson*, 6 F.3d 233, 240–41 (4th Cir. 1993), on which we relied to illustrate this consideration in *Advanced Textile Corp.*, the risk that the plaintiffs' use of pseudonyms might prejudice the jury in their favor or undermine efforts to impeach them was relevant to the court's analysis. In the instant appeal from the denial of a habeas petition, however, unlike at a jury trial, no arbiter of fact could be prejudiced in favor of the petitioner because it knew him only by the name of Doe.

The state's petition raises two additional concerns, but neither is valid. First, the state argues that the use of a pseudonym in our opinion would "encumber further review." However, if the state elects to file a petition for certiorari, it can comply with the rules of the Supreme Court by moving

to file the dispositions in the district court and the state court under seal. *See* Stephen M. Shapiro et al., Supreme Court Practice ch. 16.8(c), at 867 (10th ed. 2013). Second, the state contends that the use of a pseudonym prevents it from complying with Marsy's Law, Cal. Const., art. I, § 28(b)(7), which entitles crime victims' family members to "reasonable notice of all public proceedings." To the extent that our prior order and opinion may not be clear, the state is not prohibited from disclosing the identity of Doe to the family members of his victim(s).

Finally, we concluded that "the public's interest in the case [was not] best served by requiring that the litigants reveal their identities," because here, "[p]arty anonymity [did] not [significantly] obstruct the public's view of issues joined or the court's performance in resolving them." *Advanced Textile Corp.*, 214 F.3d at 1068 (quoting *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981)). Although the public does not know Petitioner's name, any reader of the Federal Reporter may consider the evidence in aggravation and mitigation, as outlined in detail in our opinion, and determine for himself whether our assessment of its strength was correct. Because the record in this case was sealed in the district court and on appeal, knowing Petitioner's name would be of relatively limited added value in this regard.

In this exceptional case – one in which Petitioner (1) was granted penalty-phase habeas relief based on sealed, graphic evidence regarding repeated sexual assault in prison, and (2) submitted credible evidence that he would likely be subjected to more violence if his name was revealed alongside the evidence of this abuse – the use of a pseudonym was appropriate. This deviation from our normal practice remains the rare exception rather than the rule.

No further petitions for rehearing or rehearing en banc will be entertained.