**John DOE, Plaintiff,**

v.

**UNUM LIFE INSURANCE COMPANY OF AMERICA, et al., Defendants.**

**Case No. 15–cv–05622–WHO**

United States District Court, N.D. California.

Signed 02/22/2016

---

Michael J. Salmanson, Salmanson Goldshaw PC, Philadelphia, PA, Ronald Scott Kravitz, Law Offices of Ronald S. Kravitz, San Francisco, CA, for Plaintiff.

Daniel William Maguire, Esq., Burke Williams & Sorensen, LLP, Los Angeles, CA, for Defendants.

## ORDER GRANTING MOTION TO DISMISS AND DENYING MOTION TO ALLOW PLAINTIFF TO PROCEED ANONYMOUSLY

Re: Dkt. Nos. 16, 19

WILLIAM H. ORRICK, United States District Judge

### INTRODUCTION

Federal courts are courts of public record. Some litigants and witnesses prefer anonymity because of the unwanted attention litigation can bring. But the strong presumption is that the public has a right to know who is seeking what in court and whether he or she is entitled to the relief sought. The presumption can be overcome in unusual cases where safety is an issue or stigma is so palpable that anonymity is critical. But that is a rare circumstance.

Here, the plaintiff filed a lawsuit alleging violations arising from the termination of benefits under an employee healthcare plan governed by the Employment Retirement Income Security Act of 1974 ("ERISA"). Thousands of lawsuits are filed annually concerning eligibility for ERISA, Social Security or SSI on the basis of disability. These cases often involve sensitive medical information that could be embarrassing if known generally. As a rule, these cases do not proceed anonymously. While I sympathize with plaintiff's desire to keep his identity private, I would fail my obligation to the public to keep an open court if I let him do so.

Because plaintiff's case is not so unusual or exceptional that anonymity is warranted, defendants' motion to dismiss is GRANTED with leave to amend and plaintiff's motion to proceed anonymously is DENIED.

### BACKGROUND

Plaintiff, who asks to proceed under the pseudonym John Doe, suffers from a general anxiety disorder, a chronic cardiac condition, and chronic hypertension. Compl. ¶ 12 [Dkt. No. 1]. In September 2010, his anxiety disorder first manifested itself when he suffered a panic attack at a high-level client meeting. *Id.* ¶ 13. At the time of the onset of his disability, Doe was a successful attorney at one of the country's "preeminent law firms," where he was an equity partner and co-managed a practice group. *Id.* ¶ 11.

From September 2010 to January 2014, Doe's anxiety caused him to experience regular panic attacks and insomnia. *Id.* ¶ 14. Meanwhile, he was simultaneously suffering from an underlying heart condition that causes episodes of atrial flutter. *Id.* ¶ 15. His cardiologist informed him that the stress of his work was the primary factor underlying his heart disease. *Id.* ¶ 16. In January 2014, Doe's medical conditions were such that they impaired his ability to perform the requirements of his position. *Id.* ¶ 17. On January 30, 2014, he commenced paid leave under the Family & Medical Leave Act and has not returned to work since. *Id.* ¶ 18. His employment terminated on July 28, 2014. *Id.*

Defendants UNUM Life Insurance Company of America, Paul Revere Life Insurance Company, and Provident Life and Accident Insurance Company are each

wholly-owned subsidiaries of the UNUM Group. *Id.* ¶¶ 2–5. At the time of the onset of his disability, Doe was insured under three different long-term disability policies held by subsidiaries of UNUM. *Id.* ¶ 6. He applied for benefits under the respective policies in July 2014 and, at UNUM's request, underwent an independent medical examination ("IME") conducted by Dr. Jeff Gould in December 2014. *Id.* ¶¶ 19, 21. Dr. Gould determined that his anxiety disorder precluded him from working in the legal profession. *Id.* ¶ 23.

On December 22, 2014, UNUM approved Doe's claims for benefits under all three long-term disability policies. *Id.* ¶ 30. UNUM based its approval in part upon Dr. Gould's IME. *Id.* However, on March 31, 2015, UNUM informed Doe by letter that it was terminating his benefits under all three policies, because he was not receiving "appropriate care" for his condition. *Id.* ¶ 34. Doe claims that UNUM's denial was improper because none of the three policies requires, as a condition of disability payments, that he "be engaged in treatment designed to enable him to return to his own occupation." *Id.* ¶ 38.

Doe's complaint states one claim for benefits against UNUM Life Insurance Company of America and two claims for breach of contract against Provident Life and Accident Insurance Company and Paul Revere Life Insurance Company. Defendants moved to dismiss Doe's complaint for failure to identify himself in violation of Federal Rule of Civil Procedure 10(a). Def. Mot. [Dkt. No. 16]. In response, Doe both opposed the motion and filed an administrative motion for leave to proceed anonymously. Doe Mot. [Dkt. No. 19]; Doe Opp. [Dkt. No. 18].

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) allows a party to move for dismissal of a claim for lack of subject matter jurisdiction. Fed.R.Civ.P. 12(b)(1). Rule 10 requires that "the title of the complaint must name all the parties." Fed.R.Civ.P. 10(a). This rule reflects the "paramount importance of open courts" such that the "default presumption is that plaintiffs will use their true names." *Doe v. Kamehameha Sch./Bernice Pauahi Bishop Estate,* 596 F.3d 1036, 1046 (9th Cir.2010). "As a general rule, the identity of the parties in any action, civil or criminal, should not be concealed except in an unusual case, where there is a need for the cloak of anonymity." *United States v. Stoterau,* 524 F.3d 988, 1012 (9th Cir.2008) (internal quotation marks and citations omitted).

## DISCUSSION

At the outset, defendants argue that the case must be dismissed for lack of subject matter jurisdiction because Doe's complaint violates Rule 10(a) as he did not first seek leave of court to file under a fictitious name. Def. Mot. at 1–2. They further argue that even if the court has jurisdiction over the parties, Doe should not be permitted to proceed anonymously because he does not face the high risk of stigmatization that courts have deemed necessary for use of a pseudonym. *Id.* at 3

## I. DOE IS NOT REQUIRED TO OBTAIN LEAVE OF COURT BEFORE FILING ANONYMOUSLY

Defendants argue that because Doe initiated his lawsuit anonymously without prior leave of court, the complaint should be dismissed under Rule 10(a). *Id.* at 2. Doe does not address this aspect of defendants' arguments.

Defendants rely primarily on the Tenth Circuit's holdings in *W.N.J. & J.A.S, et al.*

*v. Yocom,* 257 F.3d 1171 (10th Cir.2001) and *National Commodity & Barter Association v. Gibbs,* 886 F.2d 1240 (10th Cir. 1989). The *Yocom* court held that "[w]hen a party wishes to file a case anonymously or under a pseudonym, it must first petition the district court for permission to do so." 257 F.3d at 1172. The *Yocom* court based its decision, in part, on its previous decision in *National Commodity & Barter Association,* which held that "[a]bsent permission by the district court to proceed anonymously, and under such other conditions as the court may impose (such as requiring disclosure of their true identity under seal), the federal courts lack jurisdiction over the unnamed parties, as a case has not been commenced with respect to them." *Nat'l Commodity & Barter Ass'n,* 886 F.2d at 1245.

I will not follow the Tenth Circuit's decision in *Yocom.* "[D]istrict courts within the Ninth Circuit have concluded that dismissal for lack of jurisdiction is not warranted when the plaintiff files a motion to proceed under a pseudonym, even if that motion is filed after the defendant filed a motion to dismiss." *Doe v. Network Sols., LLC,* No. 07–cv–05115–JSW, 2008 WL 191419, at *3 (N.D.Cal. Jan. 22, 2008); *see also Doe v. Penzato,* No. 10–cv–5154–MEJ, 2011 WL 1833007, at *4 (N.D.Cal. May 13, 2011) ("Although some Circuits require plaintiffs to obtain leave of the court before filing an anonymous pleading, the Ninth Circuit does not."); *E.E.O.C. v. ABM Indus. Inc.,* 249 F.R.D. 588, 592 (E.D.Cal.2008) (same). Courts have reasoned that "[s]uch a rule makes sense, as the initial complaint is a matter of public record, and once a plaintiff has opened a file number in federal court using his or her real name, any attempt to proceed under a pseudonym would be pointless." *Doe v. City of Simi Valley,* No. 12–cv– 8377, 2012 WL 12507598, at *2 (C.D.Cal. Oct. 29, 2012); *see also Roe v. City of San Diego,* No. 01–cv–1760, 2001 WL 35936313, at *4 (S.D.Cal. Dec. 21, 2001). Because Doe was not required to first file a motion to proceed anonymously before filing his complaint, I will analyze the motions on the merits.

## II. DOE'S PRIVACY INTERESTS DO NOT OUTWEIGH THE PUBLIC'S RIGHT OF ACCESS TO JUDICIAL PROCEEDINGS

Both parties agree that anonymity is permissible under special circumstances. Although defendants argue that they would be prejudiced if plaintiff is allowed to proceed anonymously, there is no merit to this contention. A well-crafted protective order would easily address defendants' concerns. The real issue is whether Doe's specific circumstances create a privacy interest that overrides the public's interest in open court proceedings.

 The Ninth Circuit applies a balancing test to determine whether a party may preserve his anonymity in judicial proceedings. *Does I thru XXIII v. Advanced Textile Corp.,* 214 F.3d 1058, 1068 (9th Cir.2000). Because there is a presumption that parties' identities are public information, anonymity is only proper under "special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Id.* The Ninth Circuit allows parties to use pseudonyms in unusual cases where anonymity is "necessary ... to protect a person from harassment, injury, ridicule or personal embarrassment." *United States v. Doe,* 655 F.2d 920, 922 n. 1 (9th Cir. 1981). Anonymity can be based on fear of retaliatory harm, the need for privacy, or admission of illegal conduct. *Advanced Textile,* 214 F.3d at 1068. However, the Ninth Circuit has made clear that use of a

pseudonym should only be permitted occasionally and in "unusual" cases. *Id.* at 1067 ("In this circuit, we allow parties to use pseudonyms in the unusual case . . . .") (internal quotation marks and citations omitted); *Stoterau,* 524 F.3d at 1012 ("As a general rule, the identity of the parties in any action, civil or criminal, should not be concealed except in an unusual case, where there is a need for the cloak of anonymity.") (internal citations and quotation marks omitted); *Doe v. Ayers,* 789 F.3d 944, 946 (9th Cir.2015) (noting that the use of a pseudonym was proper because of the case's exceptional nature).

### i. Privacy Interests

■ The Ninth Circuit has recognized that courts may grant anonymity where it is needed to "preserve privacy in a matter of sensitive and highly personal nature." *Advanced Textile,* 214 F.3d at 1068 (internal quotation marks and citations omitted). Doe argues that special circumstances warrant his need for anonymity because he "remains a well-known lawyer who practiced for decades at a prominent law firm," he "suffers from severe mental illness and public disclosure of his health condition will only aggravate his illness," and "[t]he administrative record contains highly-sensitive information regarding his condition, his employment and his personal life." Doe Mot. at 2–3. He asserts that his status as a "lawyer-plaintiff whose claim centers upon when he became disabled due to mental illness" presents a "compelling need" to proceed anonymously. *Id.* at 3.

Cases decided in this Circuit do not support Doe's argument. "The most compelling situations [in which plaintiffs are allowed to proceed anonymously] involve matters which are highly sensitive, such as social stigmatization, real danger of physical harm, or where the injury litigated against would occur as a result of the disclosure of the plaintiff's identity." *Doe v. Rostker,* 89 F.R.D. 158, 162 (N.D.Cal. 1981). The court in *Rostker* found that there must be a strong social interest in preserving anonymity; "[t]hat the plaintiff may suffer some embarrassment or economic harm is not enough." *Id.* Similarly, in *Doe v. John F Kennedy University,* No. 13–cv–01137–DMR, 2013 WL 4565061, at *3 (N.D.Cal. Aug. 27, 2013), the court concluded that "[l]earning disabilities such as ADHD are not uncommon, nor are they freighted with the high risk of stigmatization that has been deemed sufficient to allow plaintiffs to proceed under fictitious names."

Here, no danger of physical harm is alleged. The injury litigated against—denial of ERISA benefits—will not occur as a result of disclosing Doe's identity. Doe expresses concerns that due to his legal career, there is "significant likelihood that certain attorneys will delve into the details of this case to gain insights into his personal life and the business of his former [law firm]." Doe Mot. at 3. But the potential embarrassment or increased anxiety brought on by litigation does not justify anonymity.

The one case from this Circuit that Doe cites is distinguishable. In *Roes 1–2 v. SFBSC Management, LLC et al.,* 77 F.Supp.3d 990, 997 (N.D.Cal.2015), the court found that the stigma surrounding plaintiffs' occupations as exotic dancers justified their anonymity. The court identified three reasons why plaintiffs' case constituted the exceptional situation in which anonymity is necessary: (1) the stigma surrounding exotic dancing falls into the category of human sexuality, which is sensitive and highly personal; (2) it is customary for exotic dancers to use stage names at work for privacy and personal safety reasons; and (3) disclosing plaintiffs' identities could result in both physical

harm and harm to their careers. *Id.* at 994–95. The court found these considerations outweighed the prejudice to defendants and the public's interest in knowing their identities. *Id.* at 995–97. In contrast, the legal profession is not a sensitive and highly personal occupation, unlike exotic dancing, Doe's personal safety is not at issue, and he does not assert that he intends to pursue his legal career in the future.

Not all circuits employ the Ninth Circuit's high bar to anonymous pleadings. I recognize that anonymity has been granted to a few plaintiffs around the country who suffer from mental health disorders, as Doe points out. *See, e.g., Doe v. Provident Life & Accident Insurance Co.,* 176 F.R.D. 464, 468–69 (E.D.Pa.1997) (anonymity granted in part because the plaintiff, who was diagnosed with multiple psychiatric disorders, feared that disclosing his identity would result in permanent damage to his professional reputation); *Doe v. Standard Ins. Co.,* No. 15–cv–00105, 2015 WL 5778566, at *3 (D.Me. Oct. 2, 2015) (recognizing that "[l]itigation-related stress and a general desire for privacy would not justify the grant of a request to proceed under a pseudonym even if disclosure would likely cause mental health concerns" but granting anonymity because plaintiff's serious undisclosed mental condition was the "sole focus" of the litigation).

Because those cases do not apply the Ninth Circuit's standard, they are less persuasive to me. But even where the standard for pseudonymity is more lenient, in the context of disabling conditions out of circuit courts have emphasized how exceptional and stigmatizing the issues must be to allow anonymity. *See, e.g., Doe v. Blue Cross & Blue Shield United of Wisconsin,* 112 F.3d 869, 872 (7th Cir.1997) (holding that plaintiff's obsessive-compulsive disor-

der was a "common enough" disorder and not so "shameful" that it warranted anonymity); *Doe ex rel. Doe v. Harris,* No. 14–cv–00802, 2014 WL 4207599, at *2 (W.D.La. Aug. 25, 2014) (finding plaintiff's mental disorder, which "rendered him perpetually childlike and vulnerable," was not so stigmatizing as to require anonymity); *Roe v. City of Milwaukee,* 37 F.Supp.2d 1127, 1129 (E.D.Wis.1999) (observing that "the fact that a case involves a medical issue or a situation which the plaintiff finds embarrassing, without more, are not sufficient reasons for allowing the use of a fictitious name" but finding that plaintiff's HIV status was a compelling reason to allow him to proceed anonymously because it was not a "common disorder" and was stigmatized); *Doe v. Indiana Black Expo, Inc.,* 923 F.Supp. 137, 140 (S.D.Ind.1996) (refusing to allow plaintiff to proceed anonymously despite a history of substance abuse and psychiatric hospitalization). This case does not involve exceptional circumstances.

### ii. Public Interest

A court "must decide whether the public's interest in the case would be best served by requiring that the litigants reveal their identities." *Advanced Textile,* 214 F.3d at 1068. A plaintiff's "use of fictitious names runs afoul of the public's common law right of access to judicial proceedings." *Id.* at 1067. As the Supreme Court has written, "A trial is a public event. What transpires in the court room is public property." *Cox Broad. Corp. v. Cohn,* 420 U.S. 469, 492, 95 S.Ct. 1029, 43 L.Ed.2d 328 (1975).

Doe asserts that allowing him to use a pseudonym furthers the public interest by shielding disabled plaintiffs from the "public scrutiny of the operative issues of the case" and removing unnecessary barriers that may prevent similarly situated plain-

tiffs from commencing litigation. Doe Mot. at 4. While I am sensitive to Doe's concerns, I do not agree that his identity should be concealed when the primary harm asserted is embarrassment and the stigma is no greater than in many disability cases.

Less extraordinary measures are available to provide a reasonable level of privacy protection. For example, there is no doubt that the administrative record will contain confidential medical and employment information about the plaintiff. With this in mind, I ORDER that remote, electronic access to the administrative record in this case shall be limited to the parties and their attorneys. Any other person may have electronic access to the administrative record only at the courthouse. The parties shall efile the administrative record under seal, linking that filing to this Order for permission. The Clerk shall then restrict electronic access to the document as described above. The parties may also wish to enter into a protective order to further protect the privacy interests of the plaintiff.

## CONCLUSION

Defendants' motion to dismiss is GRANTED. Doe's motion to proceed anonymously is DENIED. Any amended complaint should be filed within 20 days of this Order.

**IT IS SO ORDERED.**