FILED
United States Court of Appeals
Tenth Circuit

May 29, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

BRIAN KEITH HEUSTON,

     Petitioner - Appellant,

v.

JASON BRYANT, Warden,

     Respondent - Appellee.

No. 18-5003
(D.C. No. 4:17-CV-00091-JHP-JFJ)
(N.D. Okla.)

_____

**ORDER DENYING A CERTIFICATE OF APPEALABILITY**[*]
_____

Before **BRISCOE**, **MATHESON**, and **EID**, Circuit Judges.
_____

Brian Keith Heuston seeks a Certificate of Appealability (COA) to appeal the

denial of his 28 U.S.C. § 2254 petition. We deny the COA.

**I**

In a 2008 jury trial in Oklahoma state court, Heuston was convicted of first

degree burglary, and assault and battery with intent to kill. Heuston was sentenced to

life imprisonment, to be followed by a consecutive 20-year sentence. Heuston filed a

direct appeal with the Oklahoma Court of Criminal Appeals (OCCA), which affirmed

his convictions on September 16, 2009. Heuston did not file a petition for certiorari

with the Supreme Court of the United States.

---

[*] This order is not binding precedent except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive
value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

In March 2010—six months after the OCCA affirmed his convictions— Heuston hired attorney Jeffrey Box to pursue state post-conviction relief. App'x at 267. Heuston alleges Box's performance was deficient over the next two years, during which Box did not file a petition for post-conviction relief. In April 2012, Heuston hired attorney Charles Fox to pursue post-conviction relief. *Id.* at 280–81. Heuston had trouble communicating with Fox over the ensuing year, and Fox also failed to file a petition for post-conviction relief. Eventually, on May 15, 2013, Fox returned all of the relevant case files to Heuston. *Id.* at 267, 278.

Using those files, Heuston attempted to file a *pro se* petition for post-conviction relief on April 16, 2013, but the Oklahoma state court rejected the filing because it did not comply with local rules. *Id.* at 267. After pursuing a writ of mandamus with the OCCA, *id.* at 195–96, on May 9, 2014, Heuston mailed a properly formatted petition for post-conviction relief and initiated a proceeding in Oklahoma state court, *id.* at 39, and it was filed on June 9, 2014. *Id.* at 83. Following an evidentiary hearing, the state court denied post-conviction relief on October 23, 2015. *Id.* at 175–79. On appeal, the OCCA affirmed the denial of post-conviction relief on April 21, 2016. *Id.* at 181–87.

Heuston placed his 28 U.S.C. § 2254 petition in the prison mail on February 13, 2017. In the petition, he argues that he received ineffective assistance of counsel at various stages of his trial, appeal, and post-conviction proceedings. Jason Bryant—the warden who oversees Heuston at the James Crabtree Correctional Center and the Respondent-Appellee in this case—moved to dismiss Heuston's § 2254

petition, arguing Heuston's petition was not filed within 28 U.S.C. § 2244(d)(1)'s one-year statute of limitations. The district court granted Bryant's motion to dismiss, denied Heuston a COA, and entered judgment. *Id.* at 331–45.

Nine days after the district court issued its ruling, Heuston filed a notice of appeal. *Id.* at 346. After this court docketed the case, Heuston moved for a limited remand because he wished to file a motion for relief from judgment under Federal Rule of Civil Procedure 60(b). We denied the motion for limited remand. Doc. #10536045 (citing *Burgess v. Daniels*, 576 F. App'x 809, 813 (10th Cir. 2014)).

Heuston then filed his Rule 60(b) motion in the district court. While that Rule 60(b) motion was pending before the district court, Heuston filed a combined opening brief and application for a COA in this court. *See generally* Aplt. Br. Before we could address the application for a COA on the denial of the § 2254 petition, the district court denied the Rule 60(b) motion on May 16, 2018, and denied Heuston a COA on the issues raised in the Rule 60(b) motion.

## II

To obtain a COA, Heuston must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Because the district court denied Heuston's claims on the merits, he "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As Heuston is litigating *pro se*, we liberally construe his application for a COA. *See Hall v. Scott*, 292 F.3d 1264, 1266 (10th Cir. 2002).

3

Heuston's application for a COA depends on whether reasonable jurists could debate that Heuston's § 2254 petition was untimely. In the Antiterrorism and Effective Death Penalty Act (AEDPA), Congress set out the timeliness rules for habeas corpus proceedings. Specifically, 28 U.S.C. § 2244(d) states:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The district court held that Heuston's §2254 petition was untimely under § 2244(d)(1)(A). App'x at 335–36. Since he did not file a petition for certiorari on direct appeal of his convictions, his underlying conviction became final on December 15, 2009—90 days after the OCCA's decision affirming the convictions. *See Locke*

4

*v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001) (holding that under § 2244(d)(1)(A) a conviction "is not final and the one-year limitation period for filing a federal habeas petition does not begin to run until . . . after the time for filing a petition for certiorari with the Supreme Court has passed" (internal quotation marks omitted)).  The district court thus determined the one-year period for § 2244(d)(1)(A) ran from December 16, 2009, to December 16, 2010.  Heuston did not place his § 2254 petition in the prison mail until February 13, 2017.  The district court concluded this was untimely by more than four years, even after applying § 2244(d)(2) and removing the period between June 9, 2014, and April 21, 2016, when Heuston was pursuing post-conviction relief in the Oklahoma state court system.

Aside from the § 2244(d)(1)(A) analysis, the district court also held that its application of § 2244(d)(1)(B) would not alter the outcome.  As he does in his application for a COA, Heuston argued AEDPA's one-year period did not actually begin to run on December 16, 2009, but was delayed until February 28, 2013, when the OCCA issued *Logan v. State*, 293 P.3d 969 (Okla. Crim. App. 2013).  Heuston contended that prior to *Logan*, an Oklahoma state court would likely have held that he waived his ineffective assistance of counsel arguments, and would have dismissed his petition for post-conviction relief.  According to Heuston, this constituted a state-created impediment and satisfied § 2244(d)(1)(B).  Without addressing whether this was a proper reading of *Logan*, the district court rejected this argument, stating that "futility is not a valid justification for filing an untimely § 2254 petition." App'x at 337 (quoting *Head v. Wilson*, 792 F.3d 102, 110 (D.C. Cir. 2015)).  Further, the

5

district court concluded that even if *Logan* presented an impediment to a state post-conviction filing, Heuston's § 2254 petition would still be untimely. The OCCA decided *Logan* on February 28, 2013. Heuston did not mail a properly formatted state post-conviction petition until May 9, 2014. App'x at 39. Thus, the district court concluded that, even if Heuston's *Logan* argument were meritorious, the period between when *Logan* was decided and the filing of his state post-conviction petition still exceeded AEDPA's one-year time period.

As he does in his application for a COA, Heuston also argued that the misconduct of his attorneys, the deficiencies of the law library at his prison, and his status as a *pro se* litigant who has no legal training should entitle him to equitable tolling of AEDPA's one-year time limit. The district court rejected these arguments.

As the district court noted, equitable tolling is proper when the petitioner shows there are "specific facts" to establish "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quotation omitted). Applying that case law here, the district court first addressed Heuston's argument that deficient performance by Box and Fox should have equitably tolled the one-year statute of limitations. The district court held that even if Heuston was entitled to tolling during that 42-month period between when Heuston first contacted Box and when Fox returned Heuston's materials, Heuston's § 2254 petition would still be untimely. There were 358 days between May 15, 2013 (the date Heuston received his materials from Fox) and May 9, 2014 (when Heuston mailed a properly formatted state post-

6

conviction petition and stopped the AEDPA clock pursuant to § 2244(d)(2)). This left Heuston seven days to file a § 2254 petition after the completion of his state post-conviction proceedings. The OCCA denied post-conviction relief on April 21, 2016. Heuston did not place his § 2254 petition in the prison mail until February 13, 2017. The district court held that, even under this favorable view of the timeline, Heuston's § 2254 petition was still untimely.

The district court also concluded any deficiencies of the prison law library apply to all inmates and are not extraordinary enough to qualify for equitable tolling. App'x at 341–42 (citing *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998)). And the district court held that Heuston's "lack of legal training does not support equitable tolling." *Id.* at 342 (citing *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000)).

Finally, the district court rejected Heuston's argument that, because he may have been experiencing an allergic reaction to medication at the time of his crimes, he was actually innocent. The district court concluded that when a petitioner argues he was intoxicated during the offense, he is making a "legal innocence" argument. *Id.* at 342–43 (citing *Beavers v. Saffle*, 216 F.3d 918, 923 (10th Cir. 2000)). The district court held that, to meet AEDPA's actual innocence exception, a petitioner must argue that he is factually innocent. *Id.*; 5/16/18 Order denying Rule 60(b) motion, D. Ct. Dkt. 36 at 3–4.

Heuston asks us to grant a COA to review all of these holdings. We conclude that reasonable jurists could not debate the correctness of any of the district court's rulings. *Slack*, 529 U.S. at 484. Thus, we deny Heuston a COA.

**III**

We DENY Heuston's application for a COA and dismiss this case.

Entered for the Court


Mary Beck Briscoe
Circuit Judge